UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL LEAL,

        Plaintiff,

v.

EVERETT PUBLIC SCHOOLS,

        Defendant.

C14-1762 TSZ

ORDER

THIS MATTER comes before the Court on plaintiff's Motion for Attorney Fees, docket no. 46. Having reviewed the materials submitted in support of, and opposition to, this motion, the Court enters the following Order.

**BACKGROUND**

Plaintiff brought suit in November 2014, under 42 U.S.C. § 1983, alleging that the Everett Public Schools' policy regarding the distribution of literature by students violated his First Amendment rights. Specifically, plaintiff challenged the requirement that material be written or produced by a student, the prohibition on passing out materials at

ORDER - 1

1  times and locations other than the entrances and exits of the school building before or
2  after school, and a portion of the policy that gave school administrators discretion to
3  grant exceptions from these limitations.
4      On November 21, 2014, plaintiff filed a motion for a temporary restraining order
5  and preliminary injunction, docket no. 8.  By Minute Order dated December 2, 2014,
6  docket no. 15, the Court denied plaintiff's motion for a temporary restraining order and
7  deferred ruling on his motion for preliminary injunction.  Following additional briefing
8  and oral argument, by Order dated February 19, 2015, docket no. 19, the Court denied
9  plaintiff's motion for preliminary injunction.
10     In April 2015, the parties filed cross-motions for summary judgment.  Docket nos.
11 30 & 35.  Plaintiff's motion brought only a facial challenge to the policy.  Prior to
12 seeking summary judgment, plaintiff dropped his claim related to the allegation that he
13 had been prevented from open-air preaching and his as-applied challenge.  Oral argument
14 on these motions was heard on May 29, 2015.  Following this hearing, the Court ruled
15 that the school district's policy was unconstitutional in part.  The Court found for plaintiff
16 on his claim regarding the student written or produced requirement, and for defendant on
17 plaintiff's claims regarding the school district's time and location limitations and the
18 administrative exemption procedures.  The Court also dismissed the individual
19 defendants, finding that they were entitled to qualified immunity.  Plaintiff was awarded
20 one dollar in nominal damages, the Court severed the student written or produced
21 requirement from the policy, and expunged three suspensions from plaintiff's record
22 related to the school district's policy.
23

ORDER - 2

**DISCUSSION**

**1. Legal Standard**

The Civil Rights Attorney's Fees Awards Act of 1976 permits the Court to award attorneys' fees to a party that has prevailed on a claim under a number of statutes, including 42 U.S.C. § 1983.  42 U.S.C. §1988(b).  However, the Court "may not uncritically accept a fee request." *Sealy, Inc.v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984).  Rather, the Court must ensure that any award is reasonable.  *Id.*

**2. Lodestar Calculation**

"When determining a reasonable fee award, the court must start by calculating the lodestar amount, which is the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir.) *cert. denied sub nom. City of Los Angeles, Cal. v. Chaudhry*, 135 S. Ct. 295, 190 L. Ed. 2d 141 (2014) (quoting *Hensley v. Echerhart*, 461 U.S. 424, 433 (1983).  This resulting figure may then be adjusted either up or down to account for a number of factors, including the complexity of the issues, the skill required, and the results obtained.  *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

Plaintiff has provided the following figures for the initial step of the lodestar calculation:

ORDER - 3

| Attorney | Rate | Hours | Lodestar |
|---|---|---|---|
| Kevin Snider | $440 | 160.1 | $70,444 |
| | $110 (Travel) | 6 | $1,320 |
| Matthew McReynolds | $340 | 132.5 | $45,050 |
| Conrad Reynoldson | $290 | 46.2 | $13,398 |
| **Law Clerk** | | | |
| Jennifer Johnson | $100 | 24 | $2,400 |
| Ron Suggs | $100 | 32.7 | $3,270 |
| Lily Walsh | $80 | 11.9 | $952 |

a. <u>Rates</u>

The Court finds that these rates are reasonable in light of each respective attorney's experience and expertise, and the prevailing rates in the Seattle market.

b. <u>Hours</u>

First, the Court declines to award Mr. Snider for time spent traveling for this matter.

Second, many of the billing entries submitted by plaintiff are vague and were recorded in "block billing."[1]  As a result of the vague nature of many of the entries and plaintiff's use of block billing, in many instances, it is impossible for the Court to determine what aspect of the case the attorney was working on, or precisely what work was being done.  For instance, on May 6, 2015, Mr. McReynolds billed 4.5 hour and provided only "more work on Reply/Opp" to account for this time.  Pl.'s Mot. Attorney Fees (docket no. 46-4) at 7.  Further, plaintiff has sought fees for clerical and other non-

---

[1] "Block billing" is the practice of "lumping multiple tasks into a single entry of time."  *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1214 (10th Cir. 2000).  The Ninth Circuit has stated that district courts may reduce hours recorded in this manner.  *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

ORDER - 4

recoverable tasks. *See* Pl.'s Mot. Attorney Fees (docket no. 46-4) at 16 (billing 1.1 for work on "obtaining estimated hours from Jennifer and Ron[.]"). Finally, as defendant points out, it is also apparent that plaintiff's motion contains a number of miscalculations and inaccuracies in the computation of time. For instance, plaintiff's motion seeks 11.9 hours of work for Ms. Walsh, but her billing records indicate she did only 10.9 hours of work on motions, and Ms. Johnson's hours have been rounded up from 23.9 to 24 without any explanation for this change. *Compare* Pl.'s Mot. Attorney Fees (docket no. 46) at 9 *with* Pl.'s Mot. Attorney Fees (docket no. 46-4) at 16–17.

In light of these issues, the Court has reduced plaintiff's attorneys' hours by 15%.

    c. Adjustment

A court may adjust a fee upward or downward depending on the "results obtained." *Hensley*, 461 U.S. at 434. Plaintiff has requested that the Court apply a multiplier of 1.4 to increase the award due to the complexity and novelty of the issues involved in this case. Conversely, defendant argues that the award should be decreased in light of the fact that plaintiff proved successful on only one aspect of his suit and that a majority of the portion of the policy challenged by plaintiff were upheld.

Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims [are] interrelated." *Id.* at 436. Here, plaintiff succeeded in having only the student written or produced aspect of the policy declared unconstitutional and his three suspensions expunged while the other portions of the policy were upheld. Further, plaintiff's motions

ORDER - 5

for a temporary restraining order and preliminary injunction were denied.  However, the Court does find that this case presented challenging and novel issues of constitutional law.  Because of these competing considerations, the Court declines to apply any adjustment, up or down.

      d.  <u>Calculation</u>

The Court has computed the lodestar sum of $115,186.90, which is derived from the following:

| Attorney | Rate | Hours after 15% reduction | Lodestar |
| --- | --- | --- | --- |
| Kevin Snider | $440 | 136.085 | $59,877.40 |
| Matthew McReynolds | $340 | 112.625 | $38,292.50 |
| Conrad Reynoldson | $290 | 39.27 | $11,388.30 |
| **Law Clerk** | | | |
| Jennifer Johnson | $100 | 20.4 | $2,040.00 |
| Ron Suggs | $100 | 27.795 | $2,779.50 |
| Lily Walsh | $80 | 10.115 | $809.20 |

      e.  <u>Litigation Costs</u>

Plaintiff has asked for $1,719.36 in costs related to litigation this case.  These include airfare, hotels, meals, parking, transportation, and similar costs.  The Court finds these costs recoverable awards plaintiff these costs.

      f.  <u>Fees related to Motion for Attorney Fees</u>

The Court awards plaintiff $3,732 for work related to its motion for attorney's fees.

ORDER - 6

**CONCLUSION**

Plaintiff's Motion for Attorney Fees, docket no. 46, is GRANTED in part and DENIED in part. The Court awards a total of $120,638.26 in costs and fees to plaintiff and against defendant.

IT IS SO ORDERED.

Dated this 6th day of August, 2015.

Thomas S. Zilly
United States District Judge

ORDER - 7